**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 14-4961**

───────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

ERIC LAVELL SKIPWITH,

             Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   J. Frederick Motz, Senior District
Judge.  (1:14-cr-00092-JFM-2)

───────────

Submitted:  June 16, 2015                    Decided:  July 2, 2015

───────────

Before DIAZ, FLOYD, and THACKER, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Nancy S. Forster, KADISH FORSTER AND FASTOVSKY, Baltimore,
Maryland, for Appellant.  Christopher John Romano, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Lavell Skipwith appeals the district court's judgment sentencing him to 72 months' imprisonment for conspiracy to possess with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (2012). In accordance with Anders v. California, 386 U.S. 738 (1967), Skipwith's counsel filed a brief certifying that there are no meritorious grounds for appeal but questioning whether the district court imposed an unreasonable sentence in light of the lesser sentence imposed on Skipwith's codefendant. Skipwith filed a pro se supplemental brief, alleging that the district court erred in sentencing him above the mandatory minimum because his criminal history score overstated his criminal history, and that the district court engaged in impermissible judicial fact-finding in violation of Alleyne v. United States, 133 S. Ct. 2151 (2013). We affirm.

We review a defendant's sentence for reasonableness using an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We must first review for "significant procedural error," which includes improperly calculating the Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) factors, sentencing based on clearly erroneous facts, or failing to adequately explain the sentence. Id.

If we find no significant procedural error, we examine the substantive reasonableness of the sentence under "the totality of the circumstances." Id. The sentence imposed must be "sufficient, but not greater than necessary" to satisfy the goals of sentencing. See 18 U.S.C. § 3553(a) (2012). We presume on appeal that a sentence within a properly calculated Guidelines range is reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). The appellant bears the burden to rebut the presumption by showing that the sentence is unreasonable when measured against the § 3553(a) factors. Id.

Skipwith argues that his sentence runs afoul of 18 U.S.C. § 3553(a)(6) because his codefendant was sentenced to only 15 months' imprisonment. Section 3553(a)(6) is aimed at eliminating national sentencing disparities, not sentencing disparities among codefendants. United States v. Quinn, 359 F.3d 666, 682 (4th Cir. 2004); United States v. Withers, 100 F.3d 1142, 1149 (4th Cir. 1996). The district court did, however, consider the potential sentence of Skipwith's codefendant, but found that in light of the § 3553(a) factors as a whole, a 72-month sentence was appropriate for Skipwith.

Moreover, the district court did not err in declining to depart downward on the basis that Skipwith's criminal history score overstated his criminal history. Because no motion for a

downward departure was made below, we review for plain error. United States v. Slade, 631 F.3d 185, 189 (4th Cir. 2011). A downward departure is warranted "when a defendant's criminal history category exaggerates the seriousness of his past criminal conduct or the likelihood that he will commit further crimes." United States v. Stockton, 349 F.3d 755, 764 (4th Cir. 2003). Here, the district court considered the fact that many of Skipwith's past convictions were for alcohol-related offenses and not controlled substance offenses; however, the court found Skipwith's criminal history sufficiently serious to justify the sentence imposed. Thus, the district court did not err in declining to sua sponte depart downward, and when measured against the § 3553(a) factors as a whole, Skipwith's within-Guidelines sentence is reasonable.

Finally, Skipwith's pro se claim that his sentence runs contrary to Alleyne is without merit. Alleyne applies to statutory mandatory minimums, not Guidelines sentences. See Alleyne, 133 S. Ct. at 2163. Moreover, the court used the exact quantity of cocaine charged in the indictment and to which Skipwith stipulated, and by pleading guilty Skipwith waived his right to have the jury decide if those facts were proven. Id. at 2160.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We

4

therefore affirm the district court's judgment. This court requires that counsel inform Skipwith, in writing, of the right to petition the Supreme Court of the United States for further review. If Skipwith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Skipwith.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5